## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND DUPUIS, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>MARTIN A. MAGNUSSON, et al., )<br>)<br>    *Defendants* )<br>) | *Docket No. 04-10-P-H* |

### *RECOMMENDED DECISION ON MOTION OF STATE OF MAINE TO DISMISS*

The State of Maine and/or its Department of Corrections, one of ten named defendants in this action brought by the personal representative of the estate of Adam Dupuis, moves to dismiss the claims against it. I recommend that the court grant the motion.

### I. Applicable Legal Standard

As the Supreme Court recently has clarified:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).[1]

---

[1] In so explaining, the Court explicitly backed away from the Rule 12(b)(6) standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). The Court observed: "[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Id*. "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II.  Factual Background

The complaint includes the following relevant factual allegations.

The plaintiff is the personal representative of the estate of Adam Dupuis, who died on May 6, 2002.  Complaint (Docket No. 1) ¶ 2.  The defendant State of Maine operates the Maine State Prison through its Department of Corrections.  *Id*. ¶ 4.  In 1998 Adam Dupuis was placed in the custody of the Maine Department of Corrections for a period of four years.  *Id*. ¶ 19.  He was due to be released in October 2002.  *Id*. ¶ 21.  He had a history of mental illness prior to incarceration and had been diagnosed as suffering from bi-polar disease as well as depression and severe anxiety.  *Id*. ¶ 22.  At the time of his death, Adam Dupuis was housed on the mental health unit at the so-called "Supermax" state prison.  *Id*. ¶ 23.

Prior to his death Adam Dupuis repeatedly put the state on notice that he was experiencing "severe effects" from his mental illness and that there was a high risk of self-inflicted harm.  *Id*. ¶ 26.  Despite this information, the state's medical staff took him off the medication that had been successful in treating his mental illness.  *Id*. ¶ 27.  Despite repeated requests, this medication was not restored.

*Id*. ¶ 28. At the time of Adam Dupuis' suicide attempt, he placed a sign over the window to his cell, in contravention of the policies of the Supermax and the mental health unit, and he was playing loud music from his cell, also in contravention of those policies, but the guards failed to respond. *Id*. ¶¶ 33-34. Adam Dupuis was subject to an unusually serious risk of self-inflicted harm during the weeks preceding his death. *Id*. ¶ 35.

Adam Dupuis had previously attempted suicide while incarcerated by the Maine Department of Corrections. *Id*. ¶ 36. In the two weeks prior to his death, he tried to choke himself to death several times. *Id*. ¶ 37. The mental health staff were aware that Adam Dupuis was actively trying to commit suicide. *Id*. ¶ 38. Adam Dupuis told the mental health staff during this time that he was suicidal. *Id.* ¶ 39. He hung himself with his belt and shoelaces in his cell at the mental health unit. *Id*. ¶ 41. Upon discovering Adam Dupuis, employees of the state failed to take proper medical measures to save his life. *Id*. ¶ 43. Fellow inmates took Adam Dupuis down from his noose, found that he had a pulse and tried to perform CPR on him. *Id*. ¶¶ 44-45. Guards employed by the state forced the inmates to stop all life-saving measures. *Id*. ¶ 46. Adam Dupuis died at Penobscot Bay Medical Center. *Id*. ¶ 49.

### III. Discussion

The complaint alleges, *inter alia*, that the state subjected Adam Dupuis to cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution and Article I, Section 9 of the Maine Constitution (Count I); acted with reckless indifference to his constitutional rights by establishing or condoning a policy or custom that allowed the acts described above to be performed by its agents, all in violation of 42 U.S.C. § 1983 (Count II); and caused his wrongful death (Count III). Complaint ¶¶ 51-66.

### A. Count II

The state asserts that Count II must be dismissed because it may not be sued under 42 U.S.C. § 1983.  Motion to Dismiss of State of Maine ("Motion") (Docket No. 60) at 1-2.  This is a correct statement of the law.  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, states may not be sued under that statute, which provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured [.]"  42 U.S.C. § 1983.  *See Savard v. Rhode Island*, 338 F.3d 23, 25 (1st Cir. 2003) (state is immune from suits for damages under § 1983).

The plaintiff asserts in response that "[i]t cannot be argued in good faith that the State of Maine cannot be sued pursuant to 42 U.S.C. § 1983" and cites a 1985 case from the Eleventh Circuit.  Opposition to Motion to Dismiss of State of Maine (Docket No. 62) at 1.  *Will*, a United States Supreme Court decision, post-dates the cited Eleventh Circuit case, the holding of which, in any event, applies only to a county defendant, not to a state.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 705 (11th Cir. 1985).[2]

The state and its Department of Corrections are entitled to dismissal of Count II.

### B. Counts I and III

With respect to the remaining counts of the complaint, the state contends that it is immune from those claims in this federal court action under the Eleventh Amendment.  Motion at 2.  The plaintiff does not respond at all to this argument, making it possible for this court to dismiss these counts without reaching the substance of the state's argument.  *Andrews v. American Red Cross Blood Servs.*,

---

[2] Counsel for the plaintiff is reminded that actual quotations from a reported opinion require a pinpoint citation to the page of that
(*continued on next page*)

251 F.Supp.2d 976, 979 (D. Me. 2003).  The same result obtains when the merits are considered. "[A] state may not be sued [by a private party] without its consent." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984) (quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921)).  The plaintiff has made no attempt to show that the State of Maine has waived its immunity from suit with respect to the federal and state constitutional claims asserted in Count I or the state-law claims asserted in Count III.  *See also* 18-A M.R.S.A. § 2-804(d) & 14 M.R.S.A. § 8103 (with respect to Count III: state immune from wrongful death actions unless otherwise expressly provided by statute).

The state and its Department of Corrections are entitled to dismissal of Counts I and III.

### IV.  Conclusion

For the foregoing reasons, I recommend that the state's motion to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of July, 2007.

                                        /s/ David M. Cohen
                                        David M. Cohen
                                        United States Magistrate Judge

---

opinion on which the quoted language appears.

5