United States District Court
District of Maine

| | |
|---|---|
| RAYMON DUPUIS, as Representative of the Estate of Adam Dupuis<br><br>Plaintiff,<br><br>v.<br><br>MARTIN MAGNUSSON, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  Civ. No. 04-10-B-H<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION ON MOTION TO DISMISS (Docket No.95)
and MOTION FOR SUMMARY JUDGMENT (Docket No. 83)
FILED BY DEFENDANT MARTIN MAGNUSSON**

Raymond Dupuis brought this civil action seeking redress from multiple defendants associated with the Maine State Prison after his son, Adam Dupuis, committed suicide at the prison.  One of those defendants, Martin Magnusson, Maine's Commissioner of Corrections, has filed a motion to dismiss (Docket No. 95) and, in the alternative, a motion for summary judgment (Docket No. 83).   On January 4, 2008, I held a telephone conference to discuss Dupuis's responsive statements of fact pertaining to a host of dispositive motions filed by different defendants.  (See Docket No. 127.)  During that conference Dupuis's counsel indicated that he would not be opposing the dispositive motions of Commissioner Martin Magnusson, Officer Fred Knight, and Officer Augustus Ruggieri.  Dupuis, thereafter, never responded to Magnusson's dispositive motion.

Accordingly, in view of the plaintiff's express consent, I recommend that the Court grant Commissioner Martin Magnusson's motion to dismiss (Docket No. 95).  See NEPSK, Inc. v.

Houlton, 283 F.3d 1, 6 -9 (1st Cir. 2002).  This disposition would moot the alternative motion for summary judgment (Docket No. 95).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive NOTICE memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 15, 2008.                    /s/Margaret J. Kravchuk
                                      U.S. Magistrate Judge